## CELESTE DAIGLE, Warrantor, *v.* B. C. CROW, Administrator.

In a suit to liquidate the rights of a wife against the estate of her deceased husband, although the evidence shows that her paraphernal property was administered by her husband, this fact is not sufficient to entitle her to a judgment for the value of such property. She may resume the administration of whatever of her paraphernal property may still exist in nature, but she is a creditor for the value of such only as may have been disposed of by him or for his benefit.

APPEAL from the District Court of the Parish of Lafayette, *Martel, J.*
*C. H. & E. Mouton,* for plaintiff. *M. E. Girard,* for defendant and appellant.

VOORHIES, J. The judgment liquidating the rights of the plaintiff against the estate of her deceased husband, *George Jackson*, must be amended so as to reduce the amount awarded from the sum of $524 00, to that of $162 00. In other respects it is correct.

The evidence shows that the wife's movable property for an amount exceeding the former sum, was administered upon by the husband; but this does not of itself entitle her to a judgment for the value. She can resume the administration of whatever paraphernal property, as may yet exist in nature; but she is a creditor for the value of such only as may have been disposed of by him or for his benefit.

The paraphernal property of the wife, disposed of by the husband during his life-time, or sold at the probate sale of his succession, is valued at $162 00; for this amount she is entitled to be classed as a mortgage creditor.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by reducing the amount allowed the plaintiff, to the sum of one hundred and sixty two dollars; and that in other respects the judgment of the District Court be affirmed, the appellee paying the costs of appeal.